RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/24/14
    MB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| LUIS J. MUNGIA (#31662-112) | DOCKET NO. 14-CV-2443; SEC. P |
| VERSUS | JUDGE DRELL |
| DR. ALEXANDER | MAGISTRATE JUDGE KIRK |

<u>REPORT AND RECOMMENDATION</u>

Pro se Plaintiff Luis J. Mugia filed the instant civil rights complaint pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1]. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He complains that he is being denied adequate medical care by the Federal Bureau of Prisons Clinical Director, Dr. Alexander.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff complains that he suffers from pain near the tip of his penis. He was examined by a urologist on October 1, 2013, who gave him "a clean bill of health," but Plaintiff believes this was a misdiagnosis. He asked FCI Pollock for a second opinion from

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

another urologist, but the request was denied.

According to exhibits submitted, Plaintiff was evaluated by a medical provider on May 28, 2013, indicating a history of penile discharge and nerve pain in the glans of his penis. [Doc. #1, p.14] Plaintiff denied dysuria, hematuria, and back pain, and his gonorrhea, chlamydia, and urinalysis tests were all normal. A physical exam revealed no obvious abnormalities of the penis; however, the right testicle was noted to be undescended. [Doc. #1, p.14] Plaintiff was advised to cease manipulating his penis in any way and was advised that his urology and surgery consultations had been approved and were pending appointment. [Doc. #1, p.14] An outpatient excision of the right testicle was performed on July 16, 2013, and Plaintiff was prescribed Ibuprofen for pain and inflammation. [Doc. #1, p.14]

On August 20, 2013, Plaintiff was evaluated by a urologist. A negative urinalysis and benign enlarged prostate were noted, as well as a urethral discharge. The urologist had a tentative diagnosis of Peyronie's disease and he recommended a cystoscopy and urethrogram. [Doc. #1, p.14] On August 23, 2013, Plaintiff was re-evaluated by a general surgeon, who advised that the pathology of the right testicle was benign. On October 1, 2013, Plaintiff was re-evaluated by the urologist, and a cystoscopy was performed, with results in normal limits. A recommendation was made for antibiotic therapy. Plaintiff was evaluated by another medical

medical provider after the cystoscopy, and the antibiotics were provided. [Doc. #1, p.14]

On October 17, 2013, Plaintiff was evaluated by the clinical director during the chronic care appointments, and Plaintiff was informed that there was no need for another urologist's opinion. Plaintiff was diagnosed with chronic prostatitis and prescribed antibiotics. [Doc. #1, p.14] On October 21, 2013, Plaintiff was evaluated with complaints of penile pain and problems maintaining an erection. Plaintiff denied penile discharge, lesions, hematuria, and dysuria. Plaintiff was advised that his urethrogram and cystoscopy had no significant findings.

On December 5, 2013, Plaintiff was evaluated for complaints of pain on his penis, heavy liquid discharge, and inflammation. [Doc. #1, p.15] Plaintiff's urinalysis was normal. Examination revealed mild redness to the tip of his penis and foreskin, and he was provided Bacitracin for treatment and advised to follow up at sick call. As of February 12, 2014, Plaintiff had not sought further treatment. [Doc. #1, p.15]

### *Law and Analysis*

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Section 1915A(b) provide for *sua sponte* dismissal of the complaint, or any

portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Plaintiff claims that he has been denied appropriate treatment for his medical complaints. Medical care claims when asserted by convicted prisoners, like Plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the defendant prison officials knew of and then disregarded an excessive risk to the plaintiff's health and safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. Wilson v. Seiter, 501 U.S. 294 (1991). "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. Thompson v. Upshur County, Texas, 245 F.3d at 458-59. Such deliberate indifference has been equated with "subjective recklessness as used in the criminal law." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Reeves v. Collins, 27 F.3d 174 (5th Cir. 1994).

Thus, even "... the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino, 239 F.3d at 756 (citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir.1985)). **Disagreement with diagnosis and treatment cannot support a claim of deliberate indifference.** See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's complaints were not ignored, and he does not claim that he was intentionally treated incorrectly. He was examined by registered nurses, medical doctors, a clinical director, a surgeon,

and a urologist, including physicians employed outside of the prison. Diagnostic testing was conducted including a urinalysis, prostate exam, cyctoscopy, urethrogam, and biopsy. Treatment was provided in the form of oral and topical antibiotics. Plaintiff clearly disagrees with the findings and treatment, but such a disagreement does not state a claim of deliberate indifference. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir.1997).

In Woodall v. Foti, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Plaintiff has not presented allegations of deliberate indifference. He clearly disagrees with the treatment offered by the defendant, but a disagreement with care does not state a claim under the Eighth Amendment. See Norton, 122 F.3d at 292; citing Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

### Conclusion

The Court is convinced that Plaintiff has presented the best

case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 23rd day of September, 2014.

```
_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE
```